**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHEILA J. WILSON, | CIVIL ACTION   1:16-cv-08658 |
| Plaintiff, | |
| v. | COMPLAINT |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## **COMPLAINT**

NOW COMES the Plaintiff, SHEILA J. WILSON, by and through their attorney, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.*; the Telephone Consumer Protection Act, 47 U.S.C. 227; and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction exists over the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

3. Supplemental jurisdiction exists over the Illinois Consumer Fraud and Deceptive Business Practices Act claim(s) under 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

## PARTIES

5. SHEILA WILSON is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 4945 Douglas Road, Apartment 1N, Downers Grove, Illinois 60515.

6. PORTFOLIO RECOVERY ASSOCIATES, LLC is a limited liability company formed under the laws of the State of Delaware. Defendant has a principal place of business located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502.

## FACTUAL ALLEGATIONS

7. On or about, March 1, 2015, Synchrony Bank contracted with Defendant to collect $2,186.00 owed to Synchrony Bank.[1]

8. On or about, July 1, 2015, Citibank, N.A. contracted with Defendant to collect $822.00 owed to Citibank, N.A.[2]

9. On or about, October 1, 2015, Citibank, N.A. contracted with Defendant to collect $785.00 owed to Citibank, N.A.[3]

10. On May 26, 2016, Defendant placed a call to Plaintiff's cellular telephone number of xxx-xxx-2727 to collect or attempt to collect a debt.

11. On May 26, 2016, after a pause at the outset of the call, Plaintiff verbally revoked consent to receive cellular telephone calls from Defendant.

---

[1] **Account:** XXXXXXXXXXXX4323

[2] **Account:** XXXXXXXXXXXX1097

[3] **Account:** XXXXXXXXXXXX1097

12. On July 30, 2016, a bankruptcy case concerning Plaintiff was filed under Chapter 7 of the United States Bankruptcy Code.[4]  *See* Exhibit A, a true and correct copy of the Notice of Chapter 7 Bankruptcy Case.  The schedules filed by Plaintiff listed Defendant on Schedule F - Creditors Who Have Unsecured Claims.  *See* Exhibit B, a true and correct copy of Schedule F – Creditors Who Have Secured Claims.  Notice by electronic transmission was sent to Defendant by the Bankruptcy Noticing Center.

13. Notwithstanding Plaintiff's revocation of consent to receive cellular telephone calls from Defendant, Defendant placed no less than eighteen calls to Plaintiff's cellular telephone.

14. Notwithstanding Defendant's receipt of actual notice of a bankruptcy case concerning Plaintiff, Defendant placed no less than one call to Plaintiff's cellular telephone.

15. All calls placed to Plaintiff's cellular telephone utilized an "automatic telephone dialing system," as defined by 47 U.S.C. 227(a)(1).

16. All calls placed to Plaintiff's cellular telephone were not made for emergency purposes or placed with prior express consent of Plaintiff, as defined by 47 U.S.C. 227(b)(1(A)(iii).

17. Defendant's actions and omissions are the proximate causation of Plaintiff's economic damage (i.e., diminished battery capacity, diminished data space, increased usage of electricity and increased usage of cellular services) and emotional distress (aggravation, confusion, frustration and humiliation).

### COUNT I – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692c(A)(2) - COMMUNICATION IN CONNECTION WITH DEBT COLLECTION

18. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

---

[4] Case No. 16-24572 (*In re Sheila J. Wilson*)

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

20. The amount owed to Citibank, N.A. and/or Synchrony Bank is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. Defendant is a "debt collector as defined by 15 U.S.C. § 1692a(6).

22. Defendant is attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. § 1692a(5).

23. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff in connection with the collection of the debt owed to Citibank, N.A. and/or Synchrony Bank, when Defendant knew Plaintiff was represented by an attorney and had knowledge of Plaintiff's attorney's name and address.

WHEREFORE, Plaintiff requests the following relief:

a. actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

b. any other relief deemed appropriate and equitable.

### COUNT II – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d(5) – HARASSMENT OR ABUSE

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

25. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's cellular telephone to ring, or alternatively engaging Plaintiff in telephone conversation repeatedly or continuously with intent to abuse, annoy or harass Plaintiff in connection with the collection of the debt owed to Citibank, N.A. and/or Synchrony Bank.

WHEREFORE, Plaintiff requests the following relief:

    a.    actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

    b.    any other relief deemed appropriate and equitable.

### COUNT III – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e – FALSE OR MISLEADING REPRESENTATION

26. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

27. Section 362(a)(2) of the United States Bankruptcy Code provides, in pertinent part:

    (a)    [A] petition filed *** operates as a stay, of –

        (6)    any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case under this title.

28. Defendant violated 15 U.S.C. § 1692e by using deceptive, false or misleading representation or means in connection with the collection of an uncollectable debt owed to Citibank, N.A. and/or Synchrony Bank by placing a call to Plaintiff's cellular telephone on August 2, 2016 – after the filing of a bankruptcy case concerning Plaintiff imposed an automatic stay.

WHEREFORE, Plaintiff requests the following relief:

    a.    actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

    b.    any other relief deemed appropriate and equitable.

### COUNT IV – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2) – FALSE OR MISLEADING REPRESENTATION

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30. Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the amount, character or legal status of the uncollectable debt owed to Citibank, N.A. and/or Synchrony Bank by placing a call to Plaintiff's cellular telephone on August 2, 2016 – after the filing of a bankruptcy case concerning Plaintiff imposed an automatic stay.

WHEREFORE, Plaintiff requests the following relief:

a. actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

b. any other relief deemed appropriate and equitable.

### COUNT V – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10) – FALSE OR MISLEADING REPRESENTATION

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Defendant violated 15 U.S.C. § 1692e(10) by using falsely representation and deceptive means to collect or attempt to collect an uncollectable debt owed to Citibank, N.A. and/or Synchrony Bank by placing a call to Plaintiff's cellular telephone on August 2, 2016 – after the filing of a bankruptcy case concerning Plaintiff imposed an automatic stay.

WHEREFORE, Plaintiff requests the following relief:

a. actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

b. any other relief deemed appropriate and equitable.

### COUNT VI – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f – UNFAIR PRACTICES

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect an uncollectable debt owed to Citibank, N.A. and/or Synchrony Bank by placing a call to Plaintiff's cellular telephone on August 2, 2016 – after the filing of a bankruptcy case concerning Plaintiff imposed an automatic stay.

   WHEREFORE, Plaintiff requests the following relief:

   a. actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

   b. any other relief deemed appropriate and equitable.

### COUNT VII – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1) – UNFAIR PRACTICES

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36. Defendant violated 15 U.S.C. § 1692f(1) by using unfair or unconscionable means to collect or attempt to collect an uncollectable debt owed to Citibank, N.A. and/or Synchrony Bank by placing a call to Plaintiff's cellular telephone on August 2, 2016 – after the filing of a bankruptcy case concerning Plaintiff imposed an automatic stay; and therefore, not permitted by law.

   WHEREFORE, Plaintiff requests the following relief:

   a. actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

   b. any other relief deemed appropriate and equitable.

## COUNT VIII – NEGLIGENT VIOLATION(S) OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. 227

37. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

38. The foregoing actions and omissions of Defendant constitute multiple and numerous negligent violations of 47 U.S.C. 227.

39. As a result of Defendant's negligent violations of 47 U.S.C. 227, Plaintiff is entitled to enjoin such violations pursuant to 47 U.S.C. 227(b)(3)(A).

40. As a result of Defendant's negligent violations of 47 U.S.C. 227, Plaintiff is entitled to receive $500.00 in damages for each such violation pursuant to 47 U.S.C. 227(b)(3)(B).

WHEREFORE, Plaintiff requests the following relief:

a. as a result of Defendant's negligent violations of 47 U.S.C. 227, $500.00 in damages for each such violation;

b. as a result of Defendant's negligent violations of 47 U.S.C. 227, an order enjoining such violations; and

c. any other relief deemed appropriate and equitable.

## COUNT IX – KNOWING AND WILLFUL VIOLATIONS(S) OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. 227

41. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

42. The foregoing actions and omissions of Defendant constitute multiple and numerous knowing and willful violations of 47 U.S.C. 227.

43. As a result of Defendant's knowing and willful violations of 47 U.S.C. 227, Plaintiff is entitled to enjoin such violations pursuant to 47 U.S.C. 227(b)(3)(A).

44. As a result of Defendant's knowing and willful violations of 47 U.S.C. 227, Plaintiff is entitled to receive $1,500.00 in damages for each such violation pursuant to 47 U.S.C. 227(b)(3)(B).

WHEREFORE, Plaintiff requests the following relief:

a. as a result of Defendant's knowing and willful violations of 47 U.S.C. 227, $1,500.00 in damages for each such violation;

b. as a result of Defendant's knowing and willful violations of 47 U.S.C. 227, an order enjoining such violations; and

c. any other relief deemed appropriate and equitable.

### COUNT X – VIOLATION(S) OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT - 815 ILCS 505/1 *ET SEQ.* - UNFAIRNESS

45. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

46. Plaintiff is a "person" as defined by 815 ILCS § 505/1(c).

47. Plaintiff is a "consumer" as defined by 815 ILCS § 505/1(e).

48. Defendant. is engaged in "commerce" as defined by 815 ILCS § 505/1(f).

49. It was immoral, oppressive, unethical, unfair and unscrupulous - and against public policy - for Defendant to communicate with Plaintiff in connection with the collection of the debt owed to Citibank, N.A. and/or Synchrony Bank, when Defendant knew Plaintiff was represented by an attorney.

50. It was immoral, oppressive, unethical, unfair and unscrupulous - and against public policy - for Defendant to cause to be placed no less than sixteen calls to Plaintiff's cellular

telephone notwithstanding Plaintiff's revocation of consent to receive cellular telephone calls from Defendant.

51. It was immoral, oppressive, unethical, unfair and unscrupulous - and against public policy - for Defendant to cause to be placed no less than one call to Plaintiff's cellular telephone notwithstanding Defendant's receipt of actual notice of a bankruptcy case concerning Plaintiff.

52. Any person who suffers actual damage as a result of a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act may bring an action against such person. The court, in its discretion, may award actual economic damages or other relief which the court deems proper.

53. An award of actual damages is appropriate as Defendant's unfair actions are the proximate causation of Plaintiffs' economic damage and emotional damage (i.e., aggravation, confusion, frustration and humiliation).

54. An award of punitive damages is appropriate as Defendant's unfair actions were outrageous, wanton and willful, and showed a conscious disregard and indifference for the rights of the Plaintiffs, and consumers generally.

WHEREFORE, Plaintiffs request the following relief:

a. actual, and punitive damages, and costs of this action include expenses together with attorney's fees as determined by this Court; and

b. any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

September 2, 2016                                             Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
SULAIMAN LAW GROUP, LTD.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
630-575-8181

*Counsel for Sheila J. Wilson*